{¶ 40} I concur in judgment only and write separately to fully address Michael Dudich's first assignment of error, which asserts that the improvements made to Jan's residence were "gifts," subject to reimbursement under their antenuptial agreement.
 {¶ 41} Michael Dudich claims that the repairs and improvements made to Jan's residence provided a future benefit to her because the improvements increased the value of her home and thus, she is unjustly enriched. Therefore, he asserts that the $12,930 used for improvements should be viewed as a gift, subject to reimbursement.
 {¶ 42} In support of his contention, he cites Dixon v. Smith
(1997), 119 Ohio App.3d 308, 695 N.E.2d 284, in which the court examined whether obtaining a mortgage loan and using it solely for improvements to the fianc_'s home constituted a gift. The court held that it would be unjust enrichment to the fiancé when the value of his home substantially increased and he continued to benefit by continuing to live in an improved home with two additional bedrooms and an additional bathroom.
 {¶ 43} Dixon is distinguishable from the instant case in several ways. First, the mortgage in Dixon was traceable. In the instant case, we have no evidence that the money for the improvements came solely from Michael's separate account and not from marital funds. Although Michael's pretrial statement indicated that he banked at Bank One, there was no testimony that the funds for the improvements came from his separate account at Bank One.
 {¶ 44} Secondly, in Dixon the improvements made consisted of additions to the home and barn, whereas the improvements in the instant case were replacing the driveway, remodeling a kitchen, and various other improvements. Constructing an addition to the property clearly increases its value significantly and places a home in a different sales category. Here, the improvements were simply that — improvements. There was no evidence presented that the property value changed by making such improvements.
 {¶ 45} Moreover, while the cost of making such improvements totaled $12,930, that amount does not equal the increased value of the property. It is unreasonable for Michael to seek reimbursement of this amount arguing that Jan might be unjustly enriched if she sells the property. Michael has failed to establish whether the improvements increased the value of the home.
 {¶ 46} Finally, Michael enjoyed the benefits of the home repairs while he lived there. It is inequitable that he now seeks reimbursement for every improvement made to the home.
 {¶ 47} Therefore, I would find that the improvements made to Jan's home during the course of their marriage were not gifts, but were in fact repairs. Absent any evidence showing that the funds were provided solely from Michael's separate property and that the value of the house increased by $12,930, I would find no abuse of the court's discretion in ruling that the repairs were not gifts.